UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
Aon Benfield Global, Inc.; and
Aon Benfield Inc.,

                    Plaintiffs,

         - against -

Guy Carpenter & Company, LLC,

                    Defendant.

Guy Carpenter & Company, LLC,

                    Defendant and
                    Counterclaim-
                    Plaintiff,

         - against -

Aon Benfield Global, Inc.; and
Aon Benfield Inc.,

                    Plaintiffs and
                    Counterclaim -
                    Defendants.
```

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/13

No. 11 Civ. 3529 (RA)

[PROPOSED] THIRD AMENDED CIVIL
CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

RONNIE ABRAMS, United States District Judge:

Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1. All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. This case is to be tried to a jury.

3. No additional parties may be joined without leave of the Court.

4. No additional causes of action or defenses may be asserted without leave of the Court.

5. Initial disclosures, pursuant to Rules 26(a)(l) of the Federal Rules of Civil Procedure shall be completed no later than August 2, 2011.

6. All <u>fact</u> discovery shall be completed no later than April 19, 2013.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6 above:

    a. Initial requests for production of documents to be served by July 19, 2011.

    b. Initial interrogatories to be served by July 19, 2011.

    c. Depositions to be completed by the cut-off date for fact discovery. Each side shall have 120 hours of time for depositions of fact witnesses, inclusive of depositions conducted pursuant to Rule 30(b)(6), Fed. R. Civ. P. and depositions of third parties; provided, however, that neither side shall take more than 15 depositions (excluding depositions conducted pursuant to Rule 30(b)(6), depositions of named inventors on the '548 patent, and depositions of third parties). Nothing contained in this paragraph is intended to supersede Rule 30(d)(1), Fed. R. Civ. P., except that depositions conducted pursuant to Rule 30(b)(6) shall not be subject to Rule 30(d)(1).

    d. Requests to Admit shall be served so as to be due on or before the cut-off date for fact discovery; each side shall be limited to 100 Requests to Admit, provided, however, that this limit does not apply to requests to admit authenticity of documents.

    e. Document production to be completed by December 31, 2012.

8. All <u>expert</u> discovery shall be completed no later than 45 days after service of rebuttal expert reports, as provided below. Expert discovery shall proceed as follows:

    a. Expert reports on issues as to which a party bears the burden of proof shall be served 45 days after the date of the Court's claim construction ruling.

    b. Rebuttal expert reports shall be served no later than 45 days after service of initial expert reports.

    c. Depositions of experts and all other expert discovery shall be completed no later than 45 days after service of rebuttal expert reports.

9. All discovery shall be completed no later than 120 days after the date of the Court's claim construction ruling.

10. The Court ~~will~~ conducted a ~~post-mediation~~ a later conference on July 11, 2013, at 11:30 am. The Court will schedule a date for the Claim Construction Hearing at ~~that~~ time.

11. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 5 of the Court's Individual Rules and Practices shall be due sixty (60) days

from the close of expert discovery, or if any dispositive motions are filed, sixty (60) days from the Court's decision on the last of such motions. This case shall be trial ready ninety (90) days from the close of expert discovery or the Court's decision on the last of any dispositive motion. The parties shall comply with the following schedule in connection with preparing the Joint Pretrial Order:

  a. The Parties shall exchange witness lists, deposition designations and exhibit lists 21 days following the close of expert discovery or the Court's decision on the last of any dispositive motion.

  b. The Parties shall exchange objections to deposition designations and counter-designations, objections to exhibits, proposed voir dire questions, proposed verdict forms and proposed requests to charge 42 days following the close of expert discovery or the Court's decision on the last of any dispositive motion.

  c. The Parties shall exchange objections to counter-designations 49 days following the close of expert discovery or the Court's decision on the last of any dispositive motion.

12. Counsel for the parties propose the following alternative dispute resolution mechanism for this case: Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

  a. The parties shall retain a mediator and participate in a mediation session by July 1, 2013.

13. Counsel for the parties have conferred and their present best estimate of the length of trial is: 10 court days.

14. The following procedure shall be followed with respect to claim construction:

  a. The parties shall exchange claim terms to be construed and preliminary claim constructions by August 26, 2013.

  b. The parties shall meet and confer to narrow claim terms to be construed by September 16, 2013.

  c. The parties shall submit a Joint Claim Construction and Prehearing Statement including any agreed and competing constructions by September 30, 2013. The Joint Claim Construction and Prehearing Statement shall contain the following information: i) the construction of those claim terms, phrases, or clauses on which the parties agree; ii) each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses; iii) the anticipated length of time necessary for the claim construction hearing; iv) whether any party proposes to call one

or more witnesses, including experts, at the claim construction hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and v) a list of any other issues which might appropriately be taken up at a prehearing conference prior to the claim construction hearing, and proposed dates, if not previously set, for any such prehearing conference.

    d. The parties shall complete the depositions of any experts proposed to offer opinions in connection with claim construction by October 21, 2013.

    e. The parties shall serve and file their opening briefs on claim construction on or before November 4, 2013.

    f. The parties shall serve and file their responsive briefs on claim construction on or before November 25, 2013.

15. The parties may serve contention interrogatories directed to infringement and invalidity according to the following schedule:

    a. Contention interrogatories directed to infringement may be served on or after November 30, 2012. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.

    b. Contention interrogatories directed to invalidity may be served on or after January 3, 2013. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.

16. Guy Carpenter's opposition to Aon Benfield's Motion for Leave to File Amended Complaint (D.I. 51) shall be filed on or before August 19, 2013, and Aon Benfield's reply shall be filed on or before September 5, 2013.

17. Guy Carpenter shall disclose any claims of U.S. Patent No. 8,386,280 that it will assert against Aon Benfield in this litigation on or before August 19, 2013.

To the extent any date in this order falls on a weekend or holiday, the date shall be moved to the next day that is neither a weekend nor holiday.

**SO ORDERED.**

Dated: 7/11/13
New York, New York

Ronnie Abrams
United States District Judge